IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

Case No. 2:24-cv-00623-APG-BNW

MICHAEL DEYOUNG,

     Plaintiff,

v.

WEDDINGS AND EVENTS BY EMILY LLC
d/b/a ELOPEMENTS LAS VEGAS,

     Defendant.

## STIPULATION FOR FILING OF SECOND AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. 15(a)(2), plaintiff Michael DeYoung ("Plaintiff") and defendant

Weddings and Events by Emily LLC ("Defendant") hereby stipulate that Plaintiff shall be allowed

to file its Second Amended Complaint in this lawsuit.  The Second Amended Complaint, attached

hereto as Exhibit "A," corrects the spelling of Defendant's name, Weddings and Events by Emily

LLC d/b/a Elopement Las Vegas.

Respectfully submitted on May 17, 2024.

ALDRICH LAW FIRM, LTD.
7866 W. Sahara Ave.,
Las Vegas, NV 89117
Telephone: (702) 853-5490
jaldrich@johnaldrichlawfirm.com

By: /s/ John P. Aldrich_____
    John P. Aldrich, Esq.

MCDONALD CARANO
2300 West Sahara Ave., Ste 1200
Las Vegas NV 89102
Telephone: (702) 873-4100
rkay@mcdonaldcarano.com

*Attorney for Defendant*

By: /s/   *Rory T. Kay*_____
    Rory T. Kay, Esq.

**IT IS SO ORDERED**

**DATED:** 7:22 am, May 21, 2024

**IT IS FURTHER ORDERED** that the Clerk of Court is

directed to detach and file the attached Second Amended

Complaint.

**BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE**

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2024, I electronically filed the foregoing document with

the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

/s/__John P. Aldrich_____

John P. Aldrich, Esq.

**EXHIBIT "A"**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

Case No. 2:24-cv-00623-APG-BNW

MICHAEL DEYOUNG,

    Plaintiff,

v.

WEDDINGS AND EVENTS BY EMILY LLC
d/b/a ELOPEMENT LAS VEGAS,

    Defendant.

## SECOND AMENDED COMPLAINT

Plaintiff Michael DeYoung ("Plaintiff") sues defendant Weddings and Events by Emily LLC d/b/a Elopement Las Vegas ("Defendant"), and alleges as follows:

## THE PARTIES

1.    Plaintiff is an individual who is a citizen of the State of New Mexico.

2.    Defendant is a limited liability company organized and existing under the laws of the State of Nevada with its principal place of business located at 7718 Jasmine Falls Dr, Las Vegas, NV 89178. Defendant's agent for service of process is InCorp Services, Inc., 9107 West Russell Road, Suite 100, Las Vegas, NV 89148.

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.    This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over it would not offend traditional notices of fair play and substantial justice.

5.      Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "The Ninth Circuit has interpreted Section 1400(a) to mean that venue is proper in any judicial district in which the defendant would be amenable to personal jurisdiction." Righthaven LLC v. Inform Techs., Inc., No. 2:11-CV-00053-KJD-LRL, 2011 U.S. Dist. LEXIS 119379, at *8 (D. Nev. Oct. 14, 2011) (citing Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1128 (9th Cir. 2010)).

## FACTS

### I.      Plaintiff's Business and History

6.      Plaintiff is a photographer based in Taos, NM and has photographed for a wide variety of tourism, commercial and editorial clients with hundreds of publication credits.

7.      Plaintiff started working as a photographer in the mid-1980s and began to hone his craft in 2001 after retiring from the National Guard.

8.      Plaintiff utilizes his 31-year photography experience, leading instructional-based photo tours and guided private adventure trips in Alaska and the Southwest. Plaintiff also teaches webinars on photography and meteorology for photographers.

### II.      The Work at Issue in this Lawsuit

9.      In   2010,   Plaintiff   created   a   professional   photograph   titled "MD_101012_VUT_ZNHB-29" (the "Work").  A copy of the Work is displayed below:

3



10.     The Work was registered by Plaintiff with the Register of Copyrights on January 28, 2011 and was assigned Registration No. VA 1-058-005. A true and correct copy of the Certificate of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

11.     Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

### III.     Defendants' Unlawful Activities

12.     Defendant is an experienced elopement company offering couples luxury all-inclusive wedding packages located in and around Las Vegas, Nevada.

13.     Defendant     advertises/markets     its     business     through     its     website (https://elopementlasvegas.com/),     social     media     (e.g.,     https://twitter.com/TheVegasPlanner, https://www.instagram.com/elopementlasvegas/,     and     www.facebook.com/elopementlasvegas/), and other forms of advertising.

4

14.   On June 28, 2021 (after Plaintiff's above-referenced copyright registration of the Work), Defendant displayed and/or published the Work on its website, webpage, and/or social media   (at   https://elopementlasvegas.com/2021/06/28/our-top-10-spots-to-honeymoon-after-your-las-vegas-elopement/):



15.   A true and correct copy of screenshots of Defendant's website, webpage, and/or social media, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

16.   Defendant is not and has never been licensed to use or display the Work.  Defendant never contacted Plaintiff to seek permission to use the Work in connection with its website, webpage, and/or social media or for any other purpose.

17.   Defendant utilized the Work for commercial use.

18.   Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

19.   Through his ongoing diligent efforts to identify unauthorized use of its

5

photographs, Plaintiff first discovered Defendant's unauthorized use/display of the Work on December 7, 2022.  Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use.  To date, Plaintiff has been unable to negotiate a reasonable license for the past infringement of its Work.

20.    All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

21.    Plaintiff re-alleges and incorporates paragraphs 1 through 20 as set forth above.

22.    Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

23.    Plaintiff owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

24.    As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on its website, webpage, and/or social media.

25.    Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

26.    By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501.  Defendant's infringement was either direct, vicarious, and/or contributory.

27.    Defendant's infringement was willful as it acted with actual knowledge of reckless

6

disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("©2023 Elopement Las Vegas All Rights Reserved"), indicating that Defendant understands the importance of copyright protection and intellectual property rights and is actually representing that it owns each of the photographs published on its website. See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage."); John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation…."). Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

28.   Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

29.   Plaintiff is entitled to recover his actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

30.     Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

31.     Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover his costs and attorneys' fees as a result of Defendant's conduct.

32.     Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.   A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b.   A declaration that such infringement is willful;

c.   An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each photograph comprising the Work;

d.   Awarding Plaintiff his costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e.   Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f.   Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g.   For such other relief as the Court deems just and proper.

**Demand For Jury Trial**

Plaintiff demands a trial by jury on all issued so triable.


Dated: May 15, 2024.                ALDRICH LAW FIRM, LTD.
                                     7866 W. Sahara Ave.,
                                     Las Vegas, NV 89117
                                     Telephone: (702) 853-5490
                                     jaldrich@johnaldrichlawfirm.com

                                     By: /s/_____
                                          John P. Aldrich, Esq.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2024, I electronically filed the foregoing document with

the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.


          /s/_____

          John P. Aldrich